IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA :
:
v. : Criminal No. H-92-0208
:
PAUL GEORGE KRATSAS :
:

**MEMORANDUM OPINION**

Pending before the court is a motion filed by Defendant Paul George Kratsas to correct his written judgment to conform with the sentence orally pronounced by the court at his sentencing hearing on June 22, 1993. (ECF No. 111). For the reasons that follow, this motion will be denied.

**I. Background**

Defendant was charged by a superseding indictment with conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846, and laundering proceeds of unlawful activities, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Prior to trial, the Government filed an information of prior convictions, statement of drug quantity, and notice of enhanced sentencing provisions, advising, *inter alia*, that it intended to rely on two prior felony drug convictions to seek a mandatory term of life imprisonment without release pursuant to 21 U.S.C. § 841(b).

After a jury trial, Defendant was found guilty on both counts. At sentencing, on June 18, 1993, the court orally pronounced Defendant's sentence as follows:

> As I've said before, in cases where the statutorily required minimum sentence exceeds the applicable guideline sentencing range, the statutory minimum must be applied, see USSG, Section 5G1.2(b)[.] Title 21 USC, Section 841(b)(1)(A) provides a mandatory life sentence for a defendant who has been convicted of a narcotics offense involving five kilograms or more of cocaine and two prior felony offenses.
>
> As the Court has previously discussed, the present offense involved in excess of five kilograms, and the defendant has two prior felony drug offenses.
>
> In this connection, the Court notes that in accordance with the requirements [] of 21 USC, Section 851, the government filed and served upon the defendant prior to trial an information stating the defendant's prior drug offenses and advising the defendant of the penalty he faced in the event of conviction. [Therefore], a sentence of life is mandated by the statute.

(ECF No. 54, at 39-40). A 70-month concurrent term was imposed for the money laundering conviction. The written judgment, entered several days later, reflected the sentence as "life without parole as to Count 1; 70 months as to Count 2 to run concurrently to Count 1 – total term of imprisonment is life without parole." (ECF No. 49, at 2).

On appeal, Defendant challenged the constitutionality of his sentence under the Eighth Amendment. The United States

Court of Appeals for the Fourth Circuit affirmed, holding that "a mandatory sentence of life imprisonment without release, as applied to a repeat drug offender, did not run afoul of the Eighth Amendment's prohibition against cruel and unusual punishment." *United States v. Kratsas*, 45 F.3d 63, 68 (4th Cir. 1995).

Defendant next moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that his trial counsel rendered ineffective assistance by (1) failing to advise him that he was subject to a mandatory life sentence, (2) failing to disclose a conflict of interest regarding a government witness, and (3) failing to challenge the two prior convictions that formed the basis of his mandatory life sentence. (ECF No. 58). Defendant was appointed counsel and an evidentiary hearing was held on October 12 and 27, 1999. By a reported decision issued June 28, 2000, the court denied Defendant's motion, but issued a certificate of appealability. *See Kratsas v. United States*, 102 F.Supp.2d 320 (D.Md. 2000). The Fourth Circuit affirmed. *See United States v. Kratsas*, 9 Fed.Appx. 107 (4th Cir.), *cert. denied*, 534 U.S. 929 (2001).

Defendant filed a second § 2255 petition (ECF No. 98), which was denied without prejudice for lack of jurisdiction (ECF Nos. 99, 100), and his motion for authorization to file a

3

successive petition was denied by the Fourth Circuit (ECF No. 103).

After unsuccessfully challenging his sentence under *United States v. Booker*, 543 U.S. 220 (2005) (*see* Civ. No. DKC 09-1492, ECF Nos. 1-3), Defendant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that he was "actually innocent of the life sentence he is presently serving" and that his sentence violated due process. (ECF No. 106, at 1). The court construed this petition as his "third § 2255 challenge to his sentence" and found that "it may not be considered absent prefiling authorization from the Fourth Circuit." (ECF No. 108, at 2). Accordingly, it was dismissed without prejudice for lack of jurisdiction. (ECF No. 109).

On October 4, 2011, Defendant filed the pending motion for correction of judgment, pursuant to Federal Rule of Criminal Procedure 36, arguing that because his written judgment reflects a sentence of "life without parole" and the sentencing court orally pronounced that he would receive a "life sentence" the written judgment is in "direct conflict" with the oral pronouncement. (ECF No. 111, at 3).[1] According to Defendant, the oral pronouncement is controlling and the court must amend

---

[1] Because the pages of Defendant's motion are not numbered, numerical references are to the court's case management/electronic case filing system.

4

his judgment and commitment order "by deleting the words 'Without Parole.'" (*Id*. at 7).

## II. Analysis

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." This rule is employed to correct errors that are clerical, rather than legal, in nature. *See United States v. Postell*, 412 Fed.Appx. 568, 2011 WL 609711, at *1 (4th Cir. 2011) (per curiam) (citing *United States v. Johnson*, 571 F.3d 716, 718 (7th Cir. 2009); *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (per curiam) ("Rule 36 authorizes [courts] to correct only clerical errors, which exist when the court intended one thing but by merely clerical mistake or oversight did another.") (internal quotation marks omitted)). While the federal rules do not expressly define "clerical error," courts have held that "a clerical error must not be one of judgment or even misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (quoting *United States v. Coleman*, 229 F.3d 1154, 2000 WL 1182460, at *2 (6th Cir. Aug. 15, 2000) (unpublished) (quoting,

5

in turn, *United States v. Burd*, 86 F.3d 285, 288 (2nd Cir. 1996)).

Rule 36 is "the appropriate remedy to make the judgment and commitment papers conform to the sentence pronounced orally." *United States v. Bussey*, 543 F.Supp. 981, 984 (E.D.Va. 1982) (quoting Wright, Federal Practice & Procedure § 611 (1969)). "To the extent that there is a conflict between the court's comments at the sentencing hearing and the criminal judgment, a court 'should carry out the true intention of the sentencing judge as this may be gathered from what he said at the time of sentencing.'" *United States v. Spears*, No. 10-4547, 2011 WL 2109943, at *1 (4th Cir. May 27, 2011) (per curiam) (quoting *United States v. Morse*, 344 F.2d 27, 30 (4th Cir. 1965)). The general rule is that "where a conflict exists between an orally pronounced sentence and the written judgment, the oral sentence will control." *United States v. Osborne*, 345 F.3d 281, 283 n. 1 (4th Cir. 2003). Where the sentencing transcript reflects "ambiguity" as to the sentencing court's intent, however, a reviewing court must "look to the written criminal judgment as evidence" thereof. *Id.* (citing *United States v. Brown*, 47 Fed.Appx. 305, 314-15 (6th Cir. 2002) (finding oral pronouncement ambiguous where it would have placed sentence below the guideline range); *United States v. McWilliams*, 1 Fed.Appx. 339, 344 (6th Cir. 2001) (same)).

At base, Defendant seeks a reduction of his sentence to a term of "life" imprisonment as opposed to "life without parole." As he appears to recognize, however, Congress abolished this distinction well before his crimes occurred. *See United States v. Barraza*, 576 F.3d 798, 808 n. 3 (8th Cir. 2009) ("Congress abolished parole for federal sentences in 1984. [*See*] Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, 98 Stat. 1837, 2027, tit. II, ch. II, § 218(a)(5), *repealing* 18 U.S.C. § 4205(a) ('a prisoner shall be eligible for release on parole after serving . . . ten years of a life sentence'")). Thus, the word "parole" was never mentioned at sentencing, as Defendant observes, because it was never a possibility that Defendant would be eligible for parole. Indeed, the sentencing court repeatedly referenced 21 U.S.C. § 841(b)(1)(A), which provided then, as it does today, that a person who knowingly or intentionally distributes or possesses with intent to distribute "5 kilograms or more of a mixture or substance containing a detectable amount of . . . cocaine" and has "two or more prior convictions for a felony drug offense . . . shall be sentenced to a mandatory term of life imprisonment without release[.]" 21 U.S.C. § 841(b)(1)(A) (1993). The same statute further provided that "no person sentenced under this subparagraph shall be

eligible for parole during the term of imprisonment imposed therein." *Id.*[2]

In orally rendering its sentence, the court made clear that "[s]ection 841(b)(1)(A) provides a mandatory life sentence for a defendant who has been convicted of a narcotics offense involving five kilograms or more of cocaine and two prior felony offenses"; that those qualifications were met by Defendant; and that "a sentence of life," therefore, was "mandated by the statute." (ECF No. 54, at 40). The fact that the written judgment reflected that Defendant's sentence was "life without parole" merely made explicit what was implicit in the court's oral pronouncement. Thus, it may have clarified a certain degree of ambiguity, but it was not in any way in conflict with the sentence orally pronounced.

## III. Conclusion

For the foregoing reasons, Defendant's motion to correct judgment will be denied. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[2] Defendant further argues that his written judgment is erroneous because it reflects a sentence of "life without parole," rather than "life imprisonment without release," but these terms are synonymous, as the statute itself reflects.

8